UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DENNIS MEDINA, )<br>      Plaintiff, )<br> )<br>v. )<br> )<br>JAMES COADY, )<br>WILLIAM K. CONLON, )<br>and the CITY OF BROCKTON )<br>      Defendants. )<br> ) | C.A. No.:07-10985-RCL |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTACHMENT OF DEFENDANT'S REAL PROPERTY

### INTRODUCTION

As alleged in greater detail in the attached complaint, Defendant James Coady ("Coady") on April 26, 2006 assaulted and falsely arrested Plaintiff Dennis Medina ("Mr. Medina"). As a result of these events, Mr. Medina faced frivolous criminal charges of trespassing, assault & battery, and disturbing the peace, which were dismissed when Defendant Coady asserted the Fifth Amendment. In addition, Mr. Medina suffered serious injury to his shoulder, requiring surgery, and serious and permanent injury to his neck, requiring treatment and possible surgery.

Mr. Medina seeks the attachment of a property owned by Coady, located at 10-12 Wampanoag Road, South Yarmouth, and currently valued at $314,000, and for which Coady holds equity in the amount of $202,000. Due to the strength of the evidence against Coady, Mr. Medina is likely to recover a judgment well in excess of the total value of this property.

### APPLICABLE LAW

Attachment proceedings in federal court are governed by the law of the state where the court sits. *See Rodriguez v. Montalvo*, 337 F.Supp.2d 212 (D.Mass. 2004) (quoting Fed.R.Civ.P.

1

64, federal courts may authorize attachment "under the circumstances and in the manner provided by the law of the state in which the district court is held.")  Massachusetts state law holds that a defendant's property may be attached "upon a finding by the court that there is a reasonable likelihood that the plaintiff will recover judgment, including interest and costs, in an amount equal to or greater than the amount of the attachment over and above any liability insurance shown by the defendant to be available to satisfy the judgment."  Mass.R.Civ.P. 4.1(c); *see also Greenbriar Companies v. Springfield Terminal Railway*, 477 F.Supp.2d 314, 317 (D.Mass. 2007) (interpreting the rule as having three distinct elements: (a) likelihood of prevailing on the merits; and (b) likelihood of recovering an amount equal to or greater than the attachment that is (c) over and above any liability insurance of the defendant).

A motion for approval of the attachment must be supported by an affidavit setting forth specific facts sufficient to warrant the required findings, upon the affiant's own knowledge, information or belief.  Mass.R.Civ.P. 4.1(c) & (h); *see also Tunnicliff v. Motel 6*, 178 F.R.D. 8 (D.Mass. 1998).[1]

## ARGUMENT

### I. Attachment Is Appropriate Because Medina is Likely to Recover a Judgment Greater than the Amount of Attachment

Given the evidence against Coady, Mr. Medina is likely to prevail on the merits and to recover a judgment well in excess of Coady's assets, over and above any insurance of Coady's.  For these reasons, attachment is appropriate and should be granted by the court.

#### a. Medina Will Likely Prevail on the Merits

Mr. Medina has fully alleged the basic elements of two claims under 42 U.S.C.A. § 1983.  Mr. Medina accuses Coady of excessive force, alleging that Coady "grabbed [him] by the shirt

---

[1] In support of the facts relied upon herein, please see attached Affidavit of Counsel.

and threw him against [a] Toyota Camry," and that Coady "put both hands around [his] neck, [and] lifted him from the ground and tightened his grip." Complaint and Jury Demand, *Medina v. Coady, et al.*, C.A No. 07-10985, 3-4.  Mr. Medina also accuses Coady of false arrest, alleging that Coady assaulted Mr. Medina, then called other officers and ordered them to arrest Mr. Medina, advising those officers that Mr. Medina had just assaulted him.  *Id.* at 4.  Moreover, Coady's actions – including informing Mr. Medina that he was "under arrest;" calling for other police to assist in the "arrest;" instructing those officers to arrest Mr. Medina; and brandishing his badge and police radio to Mr. Medina's son in the events leading up to the incident – place his conduct under the color of state law.

The likelihood of Mr. Medina prevailing on his excessive force and false arrest claims is supported by the medical facts of the serious injuries to Mr. Medina as a result of the assault. Coady caused substantial injuries to Plaintiff's neck and shoulders.  As a result, Mr. Medina underwent surgery to his shoulder, and is receiving ongoing treatment, and may need surgery, for permanent injuries to his neck.  Mr. Medina also has several witnesses to the constitutional violations by Coady.

Furthermore, even Coady's own police department, in an Internal Affairs investigation, found Mr. Medina's allegations to be well-grounded.  As a result of an investigation by the Internal Affairs division of the Brockton Police Department into Mr. Medina's allegations, Officer Coady received a 5-day suspension without pay.  Coady's supervisors also found that he had provided three different versions of the April 26, 2006 events, while noting that Mr. Medina's version of events was corroborated.

Finally, Coady has been the subject of multiple lawsuits with similar allegations, at least one of which eventually settled.  Apart from these lawsuits, Coady also has been the subject of

numerous similar complaints to the Internal Affairs division of the Brockton Police Department, including several which the IAD found to be substantiated.

Thus, based on the successful outcome of Mr. Medina's criminal charges; Mr. Medina's serious injuries; Coady's suspension by the Brockton Police Department; Coady's inconsistent statements regarding the incident at issue; Medina's multiple witnesses to the incident; and Coady's long history of abusing citizens, the Plaintiff stands a reasonable likelihood of prevailing on the merits,.

      b.      **Medina Will Likely Recover an Amount Greater than the Amount of Attachment**

Mr. Medina is likely to recover damages in excess of the value of the property for which the attachment is sought. The case value in light of compensatory damages, punitive damages and attorney fees is likely to exceed the equity in Coady's house.

Coady individually owns a property at 10-12 Wampanoag Road, South Yarmouth, currently valued at $314,000. The current equity in the property is approximately $200,000.

The attorneys fees alone in a case of this nature add a substantial monetary value, and may easily total more than $50,000. To date, Mr. Medina's continuing medical expenses resulting from this incident total at least $4,000. The Plaintiff seeks compensatory damages including all past and future medical expenses. Finally, given the egregiously intentional nature of Coady's actions here, Mr. Medina is seeking substantial punitive damages, which are likely to be awarded.

      c.      **Coady Likely Does Not Have Insurance which Would Cover Any Judgment**

Ordinarily, a motion for attachment must include a showing that the property sought for attachment is worth an amount equal to or greater than the amount the plaintiff is likely to recover, over and above any insurance liability. However, because the instant allegations

involve the intentional commitment of crimes, no insurance is likely to protect Coady against an adverse judgment. Moreover, the Town of Brockton has indicated that it will not indemnify Coady.

## CONCLUSION

Given the overwhelming evidence against Coady, Mr. Medina is likely to prevail on the merits. Moreover, given the egregiousness of the allegations against Coady, a jury will likely grant Mr. Medina punitive damages. Finally, Coady is unlikely to have insurance coverage. Thus, attachment is appropriate. Plaintiff therefore seeks an attachment of the property at 10-12 Wampanoag Road of the value of equity in its house, approximately $200,000.

Respectfully Submitted

                                  Plaintiff Dennis Medina,
                                  By his attorneys

                                  //s// Jessica Hedges
DATED: April 9, 2008              Stephen Hrones (BBO No. 242860)
                                  Jessica D. Hedges (BBO No. 645847)
                                  Michael Tumposky (BBO No. 660618)
                                  HRONES GARRITY & HEDGES LLP
                                  Lewis Wharf-Bay 232
                                  Boston, MA 02110-3927
                                  T)617/227-4019