UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DENNIS MEDINA,** <br>     Plaintiff, <br> <br> v. <br> <br> **JAMES COADY, WILLIAM K. CONLON, and THE CITY OF BROCKTON,** <br>     Defendants. | : <br> : <br> : <br> : **C.A. No.: 07-10985-RCL** <br> : <br> : <br> : <br> : <br> : |

### DEFENDANT JAMES COADY'S OPPOSITION TO PLAINTIFF DENNIS MEDINA'S MOTION FOR ATTACHMENT OF DEFENDANT'S REAL PROPERTY

Now comes the Defendant James Coady (hereinafter "Coady") and opposes Plaintiff's *Motion for Attachment of Defendant's Real Property*. In support of this opposition, the Defendant states the following:

### BACKGROUND

Plaintiff's Complaint contains allegations against Coady stemming from an incident on April 26, 2006. On April 26, 2006, Coady arrested Plaintiff for trespassing on his property. Plaintiff alleges that Coady violated his fourth and fourteenth amendment rights to be free from excessive force and false arrest and further violated his civil rights by means of threats, intimidation and coercion in violation of the Massachusetts Civil Rights Act, M.G.L. c. 12, §11I. The details of the arrest and events leading up to the arrest are discussed within Coady's attached affidavit[1] and establish that Coady arrested Plaintiff pursuant to probable cause.

Plaintiff filed the Motion for Attachment of Defendant's Real Property, which forms the

---

[1] Please see attached Affidavit of Defendant James Coady

basis of this opposition, on April 10, 2008.  Plaintiff's motion seeks to attach real property located at 10-12 Wampanoag Road, South Yarmouth, and currently valued at approximately $314,000.  Coady is not the owner of the property located at 10-12 Wampanoag Road, South Yarmouth and has not been the owner since 2007.  Plaintiff claims that he is likely to recover a judgment in excess of the value of the property, making attachment appropriate.  Plaintiff is not likely to recover a judgment in excess of the value of the property.

## ARGUMENT

Defendant Coady opposes and objects to plaintiff's Motion for Attachment of Defendant's Real Property because Coady is not the owner of the property Plaintiff seeks to attach and Plaintiff is not likely to recover a judgment in excess of the value of the property.

**I.  PLAINTIFF'S MOTION FOR ATTACHMENT OF DEFENDANT'S REAL PROPERTY SHOULD BE DENIED BECAUSE DEFENDANT COADY IS NOT THE OWNER OF THE PROPERTY WHICH PLAINTIFF SEEKS TO ATTACH**

As discussed in his affidavit, Coady is not the record owner of the property at 10-12 Wampanoag Road, South Yarmouth and has not been the record owner since 2007.  The deed is recorded at Book 22148, Page 45 in the Barnstable Registry of Deeds.  Accordingly, Plaintiff's Motion for Attachment should be denied.

**II.  PLAINTIFF'S MOTION FOR ATTACHMENT OF DEFENDANT'S REAL PROPERTY SHOULD BE DENIED BECAUSE PLAINTIFF IS NOT LIKELY TO RECOVER A JUDGMENT IN EXCESS OF THE VALUE OF THE PROPERTY**

Furthermore, Plaintiff's Motion for Attachment should be denied because Plaintiff is not likely to recover a judgment in excess of the value of the property.

    **A.  Plaintiff's Motion for Attachment of Defendant's Real Property Should be Denied because Plaintiff is Not Likely to Prevail on the Merits**

The Federal Rules of Civil Procedure provide that attachment of real property may be authorized "under the circumstances and in the manner provided by the law of the state in which the district court is held." Fed.R.Civ.P. 64.  Under Massachusetts law, a Plaintiff seeking to obtain an attachment must show (1) reasonable likelihood of success on merits, and (2) reasonable likelihood of recovering judgment equal to or greater than amount of attachment sought that is (3) over and above any liability insurance shown by defendant to be available to satisfy judgment. *Greenbriar Companies, Inc. v. Springfield Terminal Railway*, 477 F.Supp.2d 314, 317 (D.Mass. 2007) (citing *Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Burtman Iron Works, Inc.*, 164 F.R.D. 305, 306-07 (D.Mass. 1995).  The Plaintiff's motion should be denied because Coady's arrest of Plaintiff was made pursuant to probable cause and accordingly Plaintiff is not likely to prevail on the merits of his claims.

As outlined in Coady's attached affidavit, Coady asked Plaintiff to leave his property on at least two separate occasions and on the second occasion informed Plaintiff that he was trespassing. Plaintiff refused to leave on both occasions.  The second time that he was asked to leave, Plaintiff pushed Coady and informed Coady that he was not leaving.  At this point, Coady had probable cause to arrest the Plaintiff.  As described in Coady's affidavit, Coady did not have handcuffs available to him at the time of the arrest.  As he was unable to detain the Plaintiff with handcuffs, Coady needed to engage the Plaintiff physically in order to effectuate the arrest because the Plaintiff continued to push him.  Considering the totality of the circumstances, Coady acted in an objectively reasonable manner by physically engaging Plaintiff. By pushing Coady, Plaintiff was posing an immediate threat to Coady's safety and also actively resisting arrest.  *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

Plaintiff incorrectly relies on the fact that he sustained injuries during his arrest on April 26, 2006 to support his claim that he is likely to prevail on the merits.  Coady was making a valid arrest of the Plaintiff pursuant to probable cause.  An officer is entitled to use the force necessary to effectuate that arrest as long as that force is objectively reasonable under the circumstances.  *Graham*, 490 U.S. at 397.  As described in Coady's affidavit, Plaintiff engaged Coady in a physical struggle by pushing him, making it difficult to effectuate the arrest.  It was necessary for Coady to continue to engage him physically at this point and any injuries sustained by Plaintiff during this struggle were not the result of unreasonable force, but the result of the force necessary to effectuate a valid arrest made pursuant to probable cause.

Plaintiff also claims that because the criminal charges brought against him were dismissed he is likely to succeed on the merits.  This claim is unfounded because the standard for probable cause is lower than that required to convict an individual in a criminal case.  *See Maryland v. Pringle*, 540 U.S. 366, 371 (2003).  Success in a criminal case does not necessarily imply that the underlying arrest lacked probable cause, therefore, Plaintiff's success in the underlying criminal case does not indicate a likelihood of success on the merits.  *See id.*  Furthermore, the criminal charges against Plaintiff were dismissed because Coady chose not to testify; the criminal case was never decided on its merits.

      **B.**    **Plaintiff's Motion for Attachment of Defendant's Real Property Should be Denied because Plaintiff Is Not Likely to Recover an Amount Equal to or Greater than the Amount of Attachment**

As previously discussed, Plaintiff is not likely to succeed on the merits of his case and accordingly is unlikely to recover anything.

Assuming arguendo that Plaintiff is able to succeed on the merits, Plaintiff is not likely to

recover an amount equal to or greater than the attachment. Plaintiff seeks to attach property with an estimated value of $314,000.  In support of his claim that he is likely to recover an amount equal to or greater than the attachment Plaintiff states that his attorney's fees "*may* easily total more than $50,000" and that to date his medical expenses total $4,000 (Memorandum in Support of Plaintiff's Motion for Attachment of Defendant's Real Property, p. 4)(emphasis added). Attorney's fees and medical bills are Plaintiff's only damages with ascertainable values.  While Plaintiff claims that he may be entitled to future medical expenses, he fails to describe these future medical expenses and does not provide any estimates of their value.

Instead, Plaintiff relies heavily on his assumption that he will likely be awarded substantial punitive damages.  Taking the approximate totals for his attorney's fees and medical bills into account, Plaintiff would need to recover significant punitive damages to recover a value equal to or greater than the estimated value of the property.  His only basis for claiming that he is likely to recover punitive damages are his unsupported assertions that Coady acted egregiously and intentionally.  Aside from the fact that Coady acted reasonably and pursuant to probable cause, it is difficult to assert that one is *likely* to recover a certain amount of punitive damages. While attorney's fees and medical expenses may be calculated leading to reasonable estimates for recovery of compensatory damages, values for punitive damages are not so easily ascertained. Even after tripling the approximately $54,000 in attorney's fees and medical bills that Plaintiff is able to calculate, his damages are still a far cry from the $314,000 necessary to be entitled to an attachment.  Accordingly, Plaintiff has failed to demonstrate that he is likely to recover an amount equal to or greater than the attachment.

WHEREFORE, plaintiff's Motion for Attachment of Defendant's Real Property should be denied.

                THE DEFENDANT
                James Coady
                By his attorney

                /s/ Austin M. Joyce

                _____
                Austin M. Joyce, Esq.
                REARDON, JOYCE & AKERSON, P.C.
                397 Grove Street
                Worcester, MA 01605
                (508) 754-7285
                BBO#: 255040

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 23, 2008.

              /s/ Austin M. Joyce
By:_____
              Austin M. Joyce