UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10985

DENNIS MEDINA,

Plaintiff

vs.

CITY OF BROCKTON, et al.,

Defendants

**DEFENDANTS CONLON, STUDENSKI AND THE CITY OF BROCKTON'S ANSWER TO AMENDED COMPLAINT**

## INTRODUCTION

This is an introductory paragraph in nature and does not require an admission or denial by the defendants but to the extent that any allegations are made, the defendants hereby deny same.

## JURISDICTION

This paragraph is jurisdictional in nature and does not require an admission or denial by the defendants.

## PARTIES

1. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 1.

2. Defendants admit that James Coady was a police officer for the Brockton Police Department but deny the remaining allegations contained in Paragraph 2. Further, the defendants state that there is no time reference in Paragraph 2 so as to define when Coady was allegedly

acting under cover of law.

3. Admitted.

4. Admitted.

5. Admitted

**FACTS**

6. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 6.

7. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 7.

8. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 8.

9. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 9.

10. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 10.

11. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 11.

12. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 12.

13. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 13.

14. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 14.

15. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 15.

16. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 16.

17. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 17.

18. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 18.

19. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 19.

20. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 20.

21. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 21.

22. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 22.

23. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 23.

24. The defendants are without sufficient information to admit or deny the allegations

made in Paragraph 24.

25. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 25.

26. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 26.

27. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 27.

28. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 28.

29. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 29.

30. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 30.

31. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 31.

32. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 32.

33. The defendants are without sufficient information to admit or deny the allegations made in Paragraph 33.

34. Admitted.

35. The defendants are without sufficient information to admit or deny the allegations

made in Paragraph 35

35. Defendants admit that Officer Coady asserted his Fifth Amendment rights in open Court but are without sufficient information to admit or deny the remaining allegations in Paragraph 36.

**COUNT I**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT COADY**

37 and 38. These allegations are not against defendants, William Conlon, Studenski or the City of Brockton and therefore do not require an admission or denial.

**COUNT II**
**VIOLATION OF MASSACHUSETTS CIVIL RIGHTS ACT,**
**(M.G.L. c. 12, § 11(i) BY DEFENDANT COADY**

39 and 40. These allegations are not against defendants, William Conlon, Studenski, or the City of Brockton and therefore do not require admission or denial.

**COUNT III**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT CONLON**

41. The defendants hereby reassert their responses to Paragraphs 1 through 40 as if fully incorporated herein.

42. (a-e). Denied.

**COUNT IV**
**VIOLATION OF 42 U.S.C. § 1983 BY DEFENDANT CITY OF BROCKTON**

43. The defendants hereby reassert their responses to Paragraphs 1 through 42 as if fully incorporated herein.

44. (a-e). Denied.

**COUNT V**
**NEGLIGENCE**

45. The defendants hereby reassert their responses to Paragraphs 1 through 44 as if fully incorporated herein.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

**THE DEFENDANTS IN THIS MATTER DEMAND A JURY TRIAL**

**AFFIRMATIVE DEFENSES**

**First**

The plaintiffs have failed to state a claim for which relief may be granted.

**Second**

The defendant, Conlon, is qualifiably immune from liability.

**Third**

The plaintiff have failed to commence this action within the applicable statute of limitations and thus such claims are barred.

**Fourth**

The plaintiffs have failed to properly effectuate service of process upon the defendants.

**Fifth**

The individual defendants acted with probable cause, reasonable suspicion and statutory authority.

**Sixth**

Any alleged injuries or damages sustained by the plaintiff were caused by his own conduct and actions and not that of the defendants.

**Seventh**

Any alleged injuries or damages sustained by the plaintiff were caused by a person or persons for whom the defendants are not legally responsible.

**Eighth**

Plaintiffs have failed to comply with the presentment requirement of M.G.L. c. 258.

**Ninth**

None of the allegations of the plaintiffs amount to a federal or state statutory or constitutional deprivation.

**Tenth**

The plaintiff has failed to comply with the procedural notice requirements of M.G.L. c. 258.

**Eleventh**

The plaintiff was contributorily negligent.

**Twelfth**

The plaintiff was comparatively negligent.

**DEFENDANT CITY OF BROCKTON'S**

**CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION AGAINST JAMES COADY**

1. The plaintiff's Amended Complaint alleges civil rights violations by defendants, City of Brockton, Chief William Conlon and Paul Studenski.

2. Co-defendant, James Coady is being sued in his individual capacity.

**COUNT I - INDEMNITY**

3. Co-defendant City of Brockton repeats and reasserts his allegations contained in paragraphs 1 through 2 of its crossclaim as if fully incorporated herein.

4. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

5. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to City of Brockton in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief Conlon or Paul Studenski.

**COUNT II - CONTRIBUTION**

6. Co-defendant City of Brockton repeats and reasserts his allegations contained in paragraphs 1 through 4 of its crossclaim as if fully incorporated herein.

7. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

8. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to City of Brockton in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief Conlon or Paul Studenski.

**DEFENDANT WILLIAM CONLON'S**
**CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION**
**AGAINST JAMES COADY**

1. The plaintiff's Amended Complaint alleges civil rights violations by defendants, City of Brockton, Chief William Conlon and Paul Studenski.

2. Co-defendant, James Coady is being sued in his individual capacity.

**COUNT I - INDEMNITY**

3. Co-defendant Chief William Conlon repeats and reasserts his allegations contained in paragraphs 1 through 2 of his crossclaim as if fully incorporated herein.

4. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

5. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to Chief William Conlon in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief

Conlon or Paul Studenski.

**COUNT II - CONTRIBUTION**

6. Co-defendant Chief William Scanlon repeats and reasserts his allegations contained in paragraphs 1 through 4 of its crossclaim as if fully incorporated herein.

7. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

8. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to Chief William Conlon in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief Conlon or Paul Studenski.

**DEFENDANT PAUL STUDENSKI'S**
**CROSSCLAIM FOR INDEMNIFICATION AND CONTRIBUTION**
**AGAINST JAMES COADY**

1. The plaintiff's Amended Complaint alleges civil rights violations by defendants, Ciity of Brockton, Chief William Conlon and Paul Studenski.

2. Co-defendant, James Coady is being sued in his individual capacity.

**COUNT I - INDEMNITY**

3. Co-defendant Paul Studenski repeats and reasserts his allegations contained in paragraphs 1 through 2 of his crossclaim as if fully incorporated herein.

4. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

5. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to Paul Studenski in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief Conlon or Paul Studenski.

**COUNT II - CONTRIBUTION**

6. Co-defendant Paul Studenski repeats and reasserts his allegations contained in paragraphs 1 through 4 of its crossclaim as if fully incorporated herein.

7. If the plaintiff did incur any loss or personal injury or property injury, then the damages were do in whole or in part to the co-defendant James Coady as more fully described in plaintiff's Complaint.

8. That, in the event of a finding in favor of the plaintiff against co-defendants City of Brockton, Chief William Conlon and Paul Studenski, then co-defendant James Coady is obligated to Paul Studenski in whole or in part for the amount of finding a judgment for damages that might enter against City of Brockton, Chief Conlon or Paul Studenski.

Defendants,
By their Attorney,

/s/ *Stephen C. Pfaff*

Douglas I. Louison BBO# 545191
Stephen C. Pfaff BBO# 553057
MERRICK, LOUISON & COSTELLO
67 Batterymarch Street
Boston, MA 02110
(617) 439-0305

**CERTIFICATE OF SERVICE**

I, Stephen C. Pfaff, hereby certify that on the 16th day of March, 2009, I served the foregoing electronically to: Steven Hrones, Esq., Hrones, Garrity & Hedges, Lewis Wharf Bay 232
Boston, MA 02110 and James J. D'Ambrose, City Solicitor, City Hall Law Department, 45 School Street, Brockton, MA 02401

/s/ *Stephen C. Pfaff*

Stephen C. Pfaff